IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CRAIG BJORK,

    Plaintiff,

vs.

COLETTE PETERS, et al.,

    Defendants.

Case No. 6:19-cv-00981
**OPINION AND ORDER**

AIKEN, District Judge:

Before the Court are *pro se* plaintiff Craig Bjork's Objection (doc. 21), Request Review of Objection (doc. 43), and Motion for Decision (doc. 48), which challenge Magistrate Judge Clarke's Order (doc. 19) denying plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP") (doc. 16) and plaintiff's Motion for Appointment of Counsel (doc. 2). In the interest of justice, I construe these filings as presenting two distinct issues: First, as motions to reconsider Judge Clarke's Order (doc. 19) pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) and

second as renewed motions for appointment of counsel and IFP status. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* filings "shall be . . . construed as to do substantial justice" (quoting Fed. R. Civ. P. 8(f))). For the following reasons, the motion to reconsider Judge Clarke's Order is DENIED, but the renewed motion for appointment of counsel is GRANTED.

## BACKGROUND

On November 14, 2019, United States Magistrate Judge Clarke entered an order denying Plaintiff Craig Bjork's request for appointment of pro bono counsel in this prisoner civil rights case. Doc. 19. The reasons plaintiff sought counsel are similar to the reasons why he brought this complaint in the first place. *See* doc. 21. Since 2013, plaintiff has been placed in various levels of solitary and high-security confinement. Doc. 1 at 6. While confined in this way, plaintiff has had restricted access to legal materials, has not received meaningful review of his status in over 75 months, and alleges what could amount to severe violations of his First, Eighth, and Fourteenth Amendment rights. *Id*. at 26–28; doc. 2 at 1–2. Inmate research assistants have been little to him in this case, largely because of the restrictions placed on the number of items he can check out from the prison's law library at one time. Doc. 2 at 1.

For these reasons, plaintiff sought to object to Judge Clarke's order on November 20, 2019. Doc. 21. However, due to an internal court error, I was not made aware of these objections. Discovery proceeded, and plaintiff repeatedly needed to request extensions of time due to the difficulties he faced in obtaining legal material.

*See* docs. 27, 35, & 39. It took until April 21, 2020, when plaintiff filed a request for judicial notice of his objection, for this Court to become aware of his plight. Doc. 43. The most recent filing was on June 3, 2020, when plaintiff requested a decision in this matter. Doc. 48. Since plaintiff clearly needs counsel now, the Court will GRANT his request to seek appointment of counsel

## STANDARDS

### I.   *Reviewing a Magistrate's Decision not to Appoint Counsel*

A district court may refer pretrial issues to a magistrate judge under 28 U.S.C. § 636(b)(1). The statute provides, generally, that a magistrate judge's decision on a nondispositive issue will be reviewed by the district judge under the "clearly erroneous" standard, whereas decisions on dispositive issues shall be reviewed *de novo* after timely objection. *United States v. Raddatz*, 447 U.S. 667, 673 (1980). Dispositive matters include those expressly listed in § 636(b)(1)(A), as well as "analogous" matters. *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015). "To determine whether a motion is dispositive," the Ninth Circuit "adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or nondispositive of a claim or defense of a party." *Id.* at 1168–69.

### II.   *Appointment of Counsel*

There is no constitutional right to counsel in civil cases. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *United States v. 30.64 Acres*, 785 F.2d 786, 801 (9th Cir. 1986). Courts are empowered, however, to attempt to appoint *pro bono* counsel for

indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Palmer*, 560 F.3d at 969. When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d at 1331 (9th Cir. 1986).

## DISCUSSION

As explained below, Judge Clarke's order was not clearly erroneous or contrary to law. However, subsequent developments and the difficulties that plaintiff has faced convince this Court that the appointment of counsel would be appropriate at this time.

### I.   *Judge Clarke's Decision was not Clearly Erroneous*

Although plaintiff's objection to Judge Clarke's order fell within the 14-day window, this does not automatically entitle him to *de novo* review. Judge Clarke's decision not to appoint *pro bono* counsel and to deny plaintiff's request for IFP status concerned pretrial matters that are not included in the exceptions enumerated in § 636(b)(1)(A). And, applying the Ninth Circuit's functional approach, if the decision is upheld, plaintiff may continue to prosecute *pro se* all his claims against all defendants. *Mitchell*, 791 F.3d at 1170 (holding that analogous dispositive motions are motions that would dispose of any claims or defenses or "effectively deny . . . any ultimate relief sought" (quoting *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260

(9th Cir. 2013))). Although the restrictions plaintiff faces regarding law library access may hamstring his pursuit of relief, those restrictions do not deny the ultimate relief he seeks. Thus, his motion for *pro bono* counsel or IFP petition were not analogous to any of the motions expressly identified in § 636(b)(1)(A), and plaintiff is, therefore, not entitled to *de novo* review of Judge Clarke's decision to deny them.

Accordingly, I will consider Judge Clarke's decision under the deferential "clearly erroneous or contrary to law" standard pursuant to § 636(b)(1)(A). *See Reynaga v. Cammisa*, 971 F.2d 414, 416 (1992) (discussing the power of magistrates to hear and determine pretrial matters in state prisoners' Section 1983 case). Under this standard, a magistrate judge's finding may be overturned only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Thunderbird Hotels, LLC. v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Or. 2009) (internal quotations omitted). Only Judge Clarke's legal conclusions are subject to *de novo* review. *Quatama Park Townhomes Owners Assoc. v. RCB Real Estate Finance Inc.*, 365 F. Supp. 3d 1129, 1133 (D. Or. 2019). Because Judge Clarke applied the "exceptional circumstances" test that is currently in use in the Ninth Circuit (doc. 19), I cannot conclude that Judge Clarke's determination that plaintiff "fail[ed] to show that this is an exceptional case warranting the efforts to obtain volunteer counsel" is contrary to law. Doc. 19; *See Wilborn*, 789 F.2d at 1331.

Regarding the second prong of the "exceptional circumstances" test, Judge Clarke found that plaintiff was "able to articulate his claims and pursue discovery."

Doc. 19. Having reviewed the record in this case, I am not firmly convinced that Judge Clarke made a mistake in reaching this finding.

Turning to plaintiff's challenge to Judge Clarke's decision to deny his IFP petition, plaintiff paid the filing fee when he initiated this action. Doc. 1. Three months later, he filed an IFP petition. Doc. 16. Judge Clarke denied the petition, finding it "moot" because "plaintiff has paid the filing fee and his motion for counsel has been denied." Doc. 19.

## II. *Exceptional Circumstances Exist that Require the Appointment of Counsel on Plaintiff's Renewed Motion*

The "exceptional circumstances" analysis can change as the facts develop and discovery in a given case progresses. *Jones v. Shinn*, No. 15-00486 LEK-KJM, 2017 WL 4542991, at *2 (D. Haw. Oct. 11, 2017). I find it appropriate to revisit the issues presented by this case in light of the delay plaintiff experienced in achieving review of his requests to this Court and now that we have seen how discovery has proceeded in this case.

As a threshold matter, the Court notes that plaintiff qualifies for IFP status. According to his prison trust account, the filing fee in this case cost him around 10 times his monthly income, and roughly a third of his savings. Doc. 26. This allows plaintiff to receive the benefits of reduced filing fees and the possibility to received court appointed counsel, if it can be found. *See Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016) (holding that a case-by-case approach is the correct way to assess IFP fees); *Pearson v. United States*, 6:10-cv-1619-MK, 2019 WL 7042938, at 1–2 (D. Or. Oct. 15, 2019).

In his Request Review (doc. 43), plaintiff points to *Brown v. Oregon Dep't of Corrections*, 751 F.3d 983, 987 (9th Cir. 2014) to argue that his case a significant likelihood of success on the merits. Plaintiff's factual situation is substantially analogous to the confinement at issue in *Brown*. Indeed, the Ninth Circuit held that a "fixed and irreducible" confinement that terminates only on completion of mandatory behavior modification packets "implicate[s] a protected liberty interest under any plausible baseline." *Brown*, 751 F.3d at 988. Plaintiff is currently subjected to such a "fixed and irreducible" confinement. *See* doc. 1 at 8. Moreover, this right is at least arguably "clearly established" after *Brown*, which may defeat defendant's qualified immunity. *See Brown*, 751 F.3d at 989 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

At this point in the proceedings, plaintiff has more than demonstrated that a lawyer would help him articulate his claims considering the barriers he faces. Plaintiff's initial motion for counsel explained why a lawyer would be helpful to him, which is true for nearly every prisoner civil rights case. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (deferring to prison officials to balance the needs between security and equal access to the courts). However, the restrictions placed on IMU prisoners' access to the law library (doc. 1 at 17), are so severe that this plaintiff has difficulty articulating his claims. *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990); *see also Wolff v. McDonnell*, 418 U.S. 539, 578–79 (1974) (holding that "access" to the courts cannot be denied).

Plaintiff has also asserted that his case would likely involve substantial investigation, discovery, and expert witnesses. Doc. 21 at 45. "Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case." *Wilborn*, 789 F.2d at 1331. Although the need for discovery and likelihood of conflicting medical testimony do not automatically qualify, plaintiff's restricted ability to conduct these activities is impeding the effective management of this case. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Wilborn*, 789 F.2d at 1331. Plaintiff's case must be allowed to proceed efficiently and effectively. *See Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam). Plaintiff has alleged numerous difficulties not just with acquiring access to case law, but also difficulties in obtaining filings related to his case; in one instance it took nearly a week to receive docket material. *See, e.g.*, doc. 39 at 2. Therefore, experience dictates that IFP status should be granted, and every effort should be made to find a pro bono attorney for this plaintiff.

## CONCLUSION

For the reasons above, plaintiff's motion to reconsider (doc. 21) Judge Clarke's Order (doc. 19) is DENIED and plaintiff's renewed motions for appointment of counsel and IFP petitions (docs. 43 & 48) are GRANTED.

IT IS SO ORDERED.

Dated this 3rd day of August 2020.

/s/Ann Aiken

Ann Aiken
United States District Judge