UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CRAIG BJORK,                                                                Case No. 6:19-cv-0981-CL

          Plaintiff,                                                      ORDER

    v.

COLETTE PETERS, et al.,

          Defendants.

_____

CLARKE, Magistrate Judge:

      Plaintiff, Craig Bjork, is an adult in custody proceeding *pro se* in this civil rights action

pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's motion to stay the case pending a

ruling on Plaintiff's objections to the Court's order denying his second motion to compel & request

for subpoenas, ECF No. 211, and a motion for ADA accommodations, ECF No. 214. For the

reasons that follow, Plaintiff's motion to stay is GRANTED and his motion for ADA

accommodations is DENIED.

1   - ORDER

1. **Motion to Stay**

On November 16, 2023, the Court stayed Defendants' motion for summary judgment and allowed Plaintiff the opportunity to file a second motion to compel. The Court stated that the summary judgment motion would be held in abeyance pending the resolution of Plaintiff's second motion to compel.

Plaintiff timely filed a second motion to compel and a request to issue subpoenas, which the Court denied in its entirety. *See* Order dated May 16, 2024 (ECF No. 208). Plaintiff subsequently filed objections to the Court's order, *see* Pl.'s Objections (ECF No. 210), and those objections have been referred to the District Court Judge for adjudication. Plaintiff now moves to stay the case pending a ruling by the District Court Judge on his objections. *See* Mot. to Stay. Defendants do not oppose the motion. *See* Resp. (ECF No. 213).

Plaintiff's motion is GRANTED. Defendants' motion for summary judgment shall continue to be held in abeyance pending the resolution of Plaintiff's objections.

2. **Motion for ADA Accommodations**

Plaintiff asks the Court for ADA accommodations due to his "several social and cognitive deficits." Mot. for ADA at 1. However, because he does not request any specific accommodation, the motion must be DENIED.

Liberally construed, Plaintiff appears to be seeking appointment of counsel. He states that does not know how he should proceed in his case and that he is "not capable of making these decisions on my own." *Id*. Plaintiff refers to the District Court Judge's August 3, 2020, order finding "exceptional circumstances" to appoint pro bono counsel. Reply at 1 (ECF No. 221). Plaintiff states he has no access to the law library or "assistance of any type," and has an Eighth-

Grade education. *Id*. at 2. He states that "exceptional circumstances . . . continue to exist," and that his "request for ADA accommodations is reasonable and necessary." *Id*.

Plaintiff was represented by pro bono counsel during the early stages of litigation. After that attorney-client relationship broke down, the Court granted counsel's request to withdraw. Minute Order dated Dec. 20, 2021 (ECF No. 79). The Court also advised Plaintiff that:

> Unlike a criminal prosecution, a plaintiff in a civil case has no constitutional right to counsel. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

Minute Order dated Jan. 24, 2022 (ECF No. 84). At Plaintiff's request, the Court made multiple attempts to appoint substitute pro bono counsel, all of which were unsuccessful. *See* ECF Nos. 84-85, 88-96, 106. Moreover, the Court denied Plaintiff's last motion for appointment of counsel with leave to renew the motion if any portion of this case proceeds to trial. Text Order dated Jan. 31, 2023 (ECF No. 133). The Court declines to revisit this decision. Thus, to the extent that Plaintiff's motion can be liberally construed as a motion for appointment of counsel, the motion is DENIED. The Court and Court staff will continue to make every effort to assist Plaintiff and fairly and thoroughly evaluate his claims and the evidence presented.

## **CONCLUSION**

For the reasons explained above, Plaintiff's motion to stay (ECF No. 211) is GRANTED. Defendants' motion for summary judgment (ECF No. 168) shall continue to be held in abeyance pending the resolution of Plaintiff's objections (ECF No. 210). Plaintiff's motion for ADA accommodations (ECF No. 214) is DENIED.

8/30/24

_____
DATE

_____
MARK D. CLARKE
United States Magistrate Judge

3    - ORDER