IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**CRAIG BJORK,**

    Plaintiff,

v.

**COLETTE PETERS, et al.,**

    Defendants.

Civ. No. 6:19-cv-00981-CL

**OPINION AND ORDER**

---

AIKEN, District Judge:

Plaintiff is an adult in custody who is proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Magistrate Judge Mark Clarke entered an order denying Plaintiff's Motion to Compel. ECF No. 194 (motion); ECF No. 208 (order denying motion). Since then, Plaintiff has filed several objections and/or amendments to objections to Judge Clarke's Order which are referred to me. ECF Nos. 210, 218, 226. For the reasons explained, the Court DENIES Plaintiff's Objections and AFFIRMS Judge Clarke's Order on Plaintiff's Motion to Compel.

Page 1 – OPINION AND ORDER

## BACKGROUND

In 2013, Oregon Department of Corrections ("ODOC") staff found Plaintiff's cellmate dead in their shared cell. Compl. at 6. ECF No. 1. ODOC placed Plaintiff in administrative and disciplinary segregation while he was under investigation for the murder. *Id.* Plaintiff filed this lawsuit alleging that his segregated confinement was in retaliation for protected conduct and without meaningful review, in violation of his rights under the First, Eighth, and Fourteenth Amendments.

Plaintiff was placed in the Behavioral Health Unit ("BHU") in July 2016. *Id.* at 13. According to Plaintiff, Disability Rights Oregon ("DRO) "was very involved with working with ODOC to improve conditions" in the unit at that time. *Id.* Relevant to Plaintiff's motion to compel, Plaintiff wrote to DRO about conditions he experienced and observed during his confinement in that unit. *Id.* at 14. He claims that ODOC officials opened and read his letters, and that Defendant Briones retaliated against him for complaining to DRO and in violation of his First Amendment Rights by moving him from the BHU to an Intensive Management Unit status cell in the Disciplinary Segregation Unit ("DSU"). *Id.* at 14-15.

The parties have engaged in extensive discovery. Plaintiff moved for a court order compelling production of responsive documents set forth in Request Nos. 1, 2 and 3 contained in his Third Request for Production of Documents. *See* Sec. Mot. Compel, ECF No. 194. Plaintiff sought correspondence and information relating to DRO, an entity that is not party to this litigation. Defendants opposed the Motion arguing that their objections to Plaintiff's Requests were proper and the Motion should be denied in its entirety. *See* Resp., ECF No. 204.

Page 2 – OPINION AND ORDER

Judge Clarke analyzed each of Plaintiff's requests for production and Defendant's responses and denied the motion to compel, concluding that the information Plaintiff sought was not relevant or reasonably calculated to lead to the discovery of admissible evidence. Or, that otherwise Defendant was entitled to object to the scope of production sought.

## LEGAL STANDARD

Rule 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a Magistrate Judge, subject to review by the assigned District Judge. Fed. R. Civ. P. 72 (a). Requests for appointment of counsel, motions to compel, and the like are non-dispositive motions that Magistrate Judges handle in the first instance. *See* 28 U.S.C. § 636(b)(1)(A); *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013). The District Court will not set aside a Magistrate Judge's order on a non-dispositive matter unless the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed" before setting aside an order. *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110–11 (E.D. Cal. 2011) (citing *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y. 2006)).

## DISCUSSION

I.     **Plaintiff's Objections**

First, Plaintiff's objections to the Magistrate Judge's order denying his motion to compel discovery are untimely. The Magistrate Judge's order was served on May 16, 2024, but Plaintiff did not file his (first) objections until June 24, 2024, a difference of 39 days. ECF No. 210. However, given that Plaintiff is *pro se*, and represents that that he is struggling with various health issues, the Court will extend limited grace to review the objections.

Plaintiff filed amended objections on July 31, 2024. The amended objections attach letters between DRO and Plaintiff. ECF No. 218 at 4-15. Those letters show that Plaintiff is keeping an eye on operations and routinely reporting to DRO information about the conditions of confinement throughout the facility. *Id*. In response to Plaintiff's reports, DRO summarizes to Plaintiff the information they have received from him and tells Plaintiff how they are using that information in their advocacy work with the state penitentiary. *Id*. The Court has read all the letters between Plaintiff and DRO.

The Court also reviewed the DRO Report titled "Behind the Eleventh Door One Year Later: DRO's First Annual Report - Progress to Improve Conditions at the Behavioral Health Unit of the Oregon State Penitentiary." *Id*. at 19-29. Part of why Plaintiff attached that report was to provide evidence that he was not supposed to be housed in a segregation unit, and to show that prison staff engage in retaliation. *Id* at 2.

Plaintiff filed further amendments to his objections on September 17, 2024. But on review, Plaintiff is not trying to amend his objections. He seeks to ensure that

Page 4 – OPINION AND ORDER

the Court received the letters and the reports attached to his July 31, 2024, amendment. The Court confirms to Plaintiff that it received all the attachments Plaintiff provided. It appears that when the Court sends Plaintiff a confirmation that it received his filing, the confirmation does not include a full copy of every page the Court received. But Plaintiff should be assured that when he files documents with the Court, the Court will always accurately record the documents he files and that each Judge and the Judge's clerk receive and review his filings, both in the electronic filing system and as paper copies. When Plaintiff gets his receipt of filings, that receipt does not always show every page that has been filed.

## II.     Judge Clarke's Denial of Motion to Compel

Judge Clarke's opinion analyzed each request for production that served as the basis for Plaintiff's Motion to Compel under Federal Rules of Civil Procedure 26 and 34.

Under Rule 26, parties may obtain discovery on nonprivileged matters that are relevant and proportional to the case. Fed. R. Civ. P. 26(b)(1). However, the Court must limit the extent of discovery if it determines that the discovery sought is outside the scope of Rule 26(b)(1), or if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *Quaiz v. Rockier Retail Group, Inc.*, Case no. 3:16-cv-01879-SI, 2017 WL 960360, at *1 (D. Or. Mar. 31, 2017). The Court also has discretion to limit the scope of discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake

Page 5 – OPINION AND ORDER

in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Under Federal Rule of Civil Procedure 34, "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody or control . . . ." Fed. R. Civ. P. 34(b). These items include "any designated documents or electronically stored information," or "any designated tangible things." Fed. R. Civ. P. 34(a)(1)(A)-(B).

    A.    Request No. 1.

Plaintiff requested communications between ODOC employees and four named DRO attorneys. Plaintiff did not identify any ODOC employees by name but explained that DRO and ODOC knew which ODOC employees he was referring to. Defendant had objected on the basis that searching every ODOC employee's email would outweigh any benefit to Plaintiff. But Defendants anyway returned a limited search using a subset of search terms to identify what they understood Plaintiff to be looking for.

Judge Clarke determined that Plaintiff failed to show that Defendant's objections are not justified, and he further fails to show that the information he seeks is otherwise relevant under Rule 26(b)(1). "Specifically, he has not shown that the information sought is reasonably calculated to lead to the discovery of additional admissible evidence or that he is entitled to a court order requiring Defendants to continue to try to identify responsive records that may not even exist." Order at 6.

Under the clearly erroneous standard of review, the Court finds that Judge Clarke did not err in denying Plaintiff's motion to compel on this basis.

### B.  Request Nos. 2 and 3

In Plaintiff's second request for production, he asked for the names and contact information of the DRO mediators that had communicated with ODOC about the Behavioral Health Unit between 2016 and 2017.  Defendant objected on the basis that to provide Plaintiff with that information would require it to "create documents, as opposed to produce documents."  *See* Order at 6 (citing Defendant's objection).  The Court notes that Defendant's objection is disappointing and a hair-splitting and rigid manner to operate opposite a *pro-se* Plaintiff, even if their position is legally correct.

Plaintiff's third request for production asked for contact information for the DRO attorneys he had been communicating with, who were no longer at DRO.  He names them.  Defendant again objected on the basis that it calls for the creation of documents, as opposed to producing documents that already exists, in excess of the scope of Rule 34.  *See* Order at 7.  The Court notes again that these responses are very rigid, and that providing mere contact information to a *pro se* Plaintiff would be but a small courtesy, even if Defendant is not legally obligated to do so.  Plaintiff later revised his third request seeking all communications between DRO and ODOC employees about Plaintiff, stating that the number or names of ODOC employees who would have been communicating about Plaintiff with DRO would be limited, especially given that ODOC "know[s] precisely who [it is]." *Id*. at 7.

Judge Clarke determined that Defendant's objections to Plaintiff's Request Nos. 2 and 3 were beyond the scope of Rule 34.  And, even as amended, Plaintiff failed

Page 7 – OPINION AND ORDER

to show that the information sought in Request No. 3 was relevant under Rule 26 (b)(1). The Court finds that Judge Clake did not clearly err.

### C. Request for Issuance of Subpoenas

Plaintiff asked the Court to issue subpoenas to DRO. Judge Clarke determined that, while the clerk must generally issue a subpoena to a party who requests it, Fed. R. Civ. P. 45(a)(3), a district court's broad oversight of discovery issues includes the authority to review a subpoena's propriety prior to issuance. Order at 8 (citing *Hoffart v. U.S. Gov't, Solic. Gen. Washington, D.C.*, 24 F. App'x 659, 665 (9th Cir. 2001*), as amended on denial of reh'g* (Nov. 6, 2001). The Court finds that Judge Clake's determination was not in error. Here, Plaintiff did not identify the individuals he wished to be subpoenaed and he did not demonstrate that the information he sought was relevant or reasonably calculated to lead to the discovery of admissible evidence.

### CONCLUSION

For the reasons explained, Plaintiff's Objections, ECF Nos. 210, 218, and 226 are DENIED. Judge Clarke's Order Denying Plaintiff's Motion to Compel, ECF No. 208, is AFFIRMED.

IT IS SO ORDERED.

Dated this 27th day of January 2025.

                                                  /s/Ann Aiken

                                               Ann Aiken
                                    United States District Judge